Hear ye, hear ye, hear ye. The United States Court of Appeals for the Fifth Circuit is now open according to law. God save the United States in this honorable court. Good afternoon. The first case for today is 2020-20237 Vitol Incorporated v. United States. Ms. Paul, you may proceed. Thank you, Your Honor. May it please the court. I'm Sarah Paul from Evershed Sutherland, and I represent Vitol. This case concerns Vitol's entitlement to alternative fuel mixture credits for producing mixtures of butane and gasoline for ultimate use by consumers. This case is not about making conventional gasoline, nor is it about the trace amounts of butane that have historically been left over in gasoline from the refining process. Instead, this case is about butane blending that Vitol started to do at terminals in 2013. That butane blending involved Vitol purchasing butane from third parties in the U.S., using a comprehensive process to mix that butane with gasoline and creating a fuel that was better for the environment and that served to reduce this country's dependence on foreign oil. The credits that Vitol is seeking for these activities are available by statute to taxpayers who produce a mixture of an alternative fuel and a taxable fuel. There's no dispute that the term alternative fuel in the relevant statute, which is 26 U.S.C. section 6426, includes liquefied petroleum gas. Therefore, the question that is now before this court is whether butane is a liquefied petroleum gas under section 6426d-2. The answer to this question is yes. The answer is yes because of the plain language of the statute, which is supported by statute's context, structure, and code. I'd like to start by discussing the statute's plain language. The statute at issue here is section 6426, which contains two alternative fuels credits that Congress enacted in 2005. There's one credit under section 6426d for using neat or unmixed alternative fuels in a motor vehicle or motor boat, and another credit under section 6426e for producing mixtures comprised of alternative fuels and taxable fuels. Section 6426 does not cross-reference any other statutes to define the term alternative fuel. Rather, section 6426 contains its own definition of alternative fuel, and that's for purposes of both types of alternative fuels credits. That definition is found in section 6426d-2, and it lists seven different types of fuels which qualify as alternative fuels. The statute plainly states that one of those seven different types of fuels which qualifies as an alternative fuel under the statute is liquefied petroleum gas or LPG. Ms. Paul, let me get you off track with apologies, but what do we do about, I'm a little hung up admittedly on the statutory definition of taxable fuels under section 4081, which specifically seems to include butane via section 1483 and the regulation that flows from that, which is a 48.4081-1 blah blah blah. But that definition, when viewed through the prism of these related regulatory provisions, seems to specifically include butane under the statutory definition of taxable fuel. Yes, your honor. So the government does argue in this case, and it's really their only argument, that butane can't be an LPG under the statute because it's a taxable fuel, and it refers to the statute that your honor just cited. But characterizing a fuel as a taxable fuel, all it means is that the fuel may be subject to an excise tax under section 4081 of the code, as opposed to an excise tax under section 4041. It doesn't affect the fuel's status as an alternative fuel under section 6426, and there's no reason why it should. Additionally, accepting that argument, that it would make a difference, would require the court to set aside the plain language of section 6426, which can only be done if the plain language would lead to a result so bizarre that Congress couldn't have intended it. Would accepting that argument also lead to two other explicit categories in your statute being declared not eligible? So it would not just invalidate the liquefied petroleum, but would invalidate two other categories according to amici. Is that correct? Yes, there was an amicus brief submitted in this case by Valero, which discussed how there are other fuels listed in section 6426d2's definition of alternative fuels that are in fact taxable fuels. So that's absolutely right. You're right, Your Honor. From your perspective, the fact that it's listed in taxable fuels doesn't govern the more specific inclusion in this particular statute. It doesn't trump the more specific inclusion in this statute, and it's not a conflict. Yes, exactly, Your Honor. Doesn't it seem like a conflict, say something's taxable and then say it's not, that you get a credit for it? We don't think so, Your Honor, and that's for a few reasons. Going back again to the language of section 6426, there's just nothing in that language that disqualifies butane from being an alternative fuel by virtue of the fact that it may sometimes be a taxable fuel. Congress could have written in that language if it wanted to, and it didn't. I think it's important to mention that 6426d2 has flush language at the end, which Congress used to identify all of the exclusions to the statute's definition of alternative fuel. It is a finite list, and the fuels that are listed in that flush language are fuels that would otherwise qualify as alternative fuels under the statute's definition, but they're specifically excluded from that definition. Butane does not appear and has never appeared in that flush language list of exclusions. Taxable fuels has never appeared in that flush language list of exclusions, and Congress has had a practice of adding fuels to that flush language list when it determines they should no longer qualify as alternative for purposes of these credits. That's exactly what in this exercise with respect to butane or with respect to taxable fuels. And so, neither has ever been excluded from the statute's definition of alternative. Paul, I've got a quick record question for you. So, in your written answers, I want to thank you both for your prompt and helpful kind of replies to our written questions. But in your written answers, you said that butane is an alternative fuel under section 4041, and you relied on 48.4081-4A. I just wonder if you raised any argument about that regulation below. So, we went through your partial summary judgment briefing, and I just didn't know if there was a record citation that you can come up with to kind of support this assertion that butane is not a component of gasoline or used to produce gasoline. Does that make sense? Yes, I think so, Your Honor. I don't have a record citation from below off the top of my head, but I mean, we certainly did brief it in response to the government's brief. We definitely discussed it in our reply brief in this case, and I think it's supported by just the language of the statute itself. So, if you look at 4041 itself, I think it contains everything you need, and there wouldn't have to be anything else the court would need to refer to besides the statute and the treasury regulation that goes with it. Counsel, the district court seemed to be concerned about absurdity. Would you like to address that? Yes, Your Honor. Thank you. The lower court was concerned about absurdity, but the lower court erred in applying that principle in this case. The lower court applied the absurdity principle to set aside the plain language of the statute, and it shouldn't have done so. The absurdity principle is reserved for extreme cases that shock the conscience, where the absurdity and injustice of applying the plain meaning of a provision would be so monstrous that all mankind would, without hesitation, unite in rejecting the statute. Was that an understanding that the district court seemed to have that gasoline that's not considered blending as alternative has some trace elements of butane in it? He said that all gas had butane in it, and so, therefore, it would mean every single gas. Was that the source of his absurdity ruling? I do think that may have been part of the district court, the lower court's misunderstanding here, which is one of the reasons why I started off by saying this case is not about that. This case is not about the trace amounts of butane that are left over from the refining process. It's not about producing gasoline as it's always been done. This is about butane blending, and as we've noted, that's not an activity that BTOL started to engage in until 2013, so I do think that that was part of the issue for the lower court in this case and part of the reason for the misunderstanding, Your Honor. Did someone else have a question? I'm sorry, go ahead. No, you go ahead. Ms. Fulton, do you agree that there's sort of a dichotomous or mutually exclusive structure here? Do you agree that a given fuel falls into only one of two possible categories, either taxable under 4081 or alternative under 4041? No, we don't agree with that, and I think butane is a good example of that. As we've noted, in many instances, butane is taxable under 4041 and not 4081, and I think you have to look very closely at the regulation that defines gasoline blend stocks, which Your Honor referenced earlier and was to the statute 4083. The term gasoline blend stock is limited to any petroleum product component of gasoline, so butane can only be a gasoline blend stock and thus a taxable fuel when it is both a petroleum product and a component of gasoline. So those two things have to be met, and I think it just illustrates one of the problems with the U.S.'s taxable fuel argument here because it really only covers a small subset of butane. Our position, though, is even if it covered all butane, it wouldn't matter because butane can be both a taxable fuel and an alternative fuel for purposes of these credits. One reason I ask is it seemed that in when you're answering question C of our written questions that the first paragraph of your answer to question C and also your answer to question D1 seemed to concede that a given fuel was either taxable or alternative for purposes of 6426, but was that an accurate inference for me to draw? Yeah, I don't think that was the point we were trying to make, Your Honor. I think, you know, just sticking with 6426 for a minute, there's only one category of LPG within 6426 U2. There's one definition of alternative fuel, and it's very specific about the seven categories that apply, and one of those types of fuels is LPG, and everyone agrees that the common, ordinary, and contemporary meaning of LPG includes butane, so there's not different types of butane for purposes of section 6426 U2, and I think that's where you have to start, and that's the question that's certified on appeal here. I think once you look at that and look at the plain language of the statute, then if you are to consider the U.S.'s fuel argument, you then go to the point that you would have to set aside the plain language of section 6426, which you can't do unless it would lead to a result so bizarre Congress couldn't have intended it, and that's just not the case because there's ample precedent for treating a fuel as both taxable and alternative. There's other examples of that in the very same statute, 6426. It's been done with respect to both of the other types of mixture credits discussed in the statute. It's the case in section 6426B with the alcohol fuel mixture credit. That statute defines alcohol to include ETBE, which is also on the gasoline blend stock list, so there you have a mixture of ETBE and another taxable fuel which could qualify for the alcohol fuel mixture credit, and it's also been done through IRS guidance with respect to section 6426C in the biodiesel mixture credit, so there's ample precedent for this within the very statute that's at issue here, which is section 6426. So it's your position, and I just want to make sure I understand. There is no dichotomy between things that are either taxable or alternative. That's a false dichotomy. You can be both, and that's not a problem at all under the statute, and in fact, there are other examples of both. Is that your position? Yes, Your Honor. That's right. It is a false dichotomy, and that is our position. The one other point I'd add quickly, and we made it in our briefs, is that, again, the statute is structured to provide for a singular definition of alternative fuel, which applies to both the NEET credit and the mixture credit, so excluding butane from the definition on the theory that butane is a taxable fuel and thus can't be an alternative fuel would also exclude butane from eligibility from the NEET credit, and there's no justification whatsoever for that. I believe my time is up, so thank you. You saved time for rebuttal. Thank you. Thank you. We'll hear from Ms. Hagley. Good afternoon, and may it please the Court. Judith Hagley from the Department of Justice, representing the United States. Butane does not qualify for the alternative fuel mixture credit for two reasons. The first and primary one, which is the basis on which the district court ruled for the government, is that it's classified as gasoline, a taxable fuel, for purposes of that credit, and the second and alternative reason, and we as well as in response to the Court's questions this week, is that words have to be interpreted in context, and the phrase liquefied petroleum gas, or LPG, in the context of 6426D2 refers to alternative transportation fuels, and in that context, LPG refers not to a family of gases that would include butane, but to a very specific propane-based mixture referred to as propane autogas, not a family of gases, and I'll get to that point in a second, but I'll start with the first point, that butane within the statute is classified as a taxable fuel. Why can't it be both? It can't be both for a couple of reasons. One, it's contrary to the long-standing interpretation of a dichotomy between taxable fuels and alternative fuels. Is an alcohol fuel an exception to that that's pre-existing? No, an alcohol is not an exception. The vital refers to ETBE as used in 6426B. If you look at the language, and this is on page 18 of our addendum, if ETBE qualifies as alcohol, it will not qualify as a gasoline blend stock, because alcohol expressly, the provision expressly says alcohol does not include alcohol created from petroleum and natural gas, and of course, to be a gasoline blend stock within the meaning of 4083A2, the substance has to be a petroleum product component of gasoline. What about biomass-derived fuel? For the same reasons, as we explained in our brief, and Vital had no response in its reply brief, Valero's concerns are misplaced, because if a substance actually qualifies as biomass, it will not qualify as a petroleum product component of gasoline, because biomass, and I think the statutory provisions are, it's in our brief, it's 45- So Valero's wrong when it says it is a taxable fuel. Valero says that biomass fuel is taxable, and so he's trying to say that you can be both. That is incorrect. What it's referring to is the fact that hexane and pentane, which are the two substances that it made, or allegedly made from biomass, are listed as gasoline blend stocks, but those substances, to be a gasoline blend stock, must be a petroleum product component of gasoline, so therefore from either crude oil or natural gas. Under the statute to qualify as a biomass, the substance cannot be derived from crude oil or natural gas, and this is discussed on page 58 of our brief with cites to the biomass statute. What about liquid fuels derived from coal through the Fischer-Tropsch process? The rationale was the same. If it's from coal, it's not going to qualify as a petroleum product component, and Congress specifically intended and understood that that type of fuel would qualify as an alternative fuel under 4041 because it provides a specific tax rate for it, either 23 or 24 cents, and in that same statute, Congress said that if a fuel is taxable under 4081, it's not an alternative fuel. So it's Congress's understanding, as expressed in the express language of 4041, that liquids from coal, which have their own special tax rate in 4041, are not taxable fuels. So it's your position that Congress has made the dichotomy between taxable and alternative? Yes, that is. And it's reflected in the division that makes that dichotomy. Well, in 4041A2, the alternative fuel is broadly defined there. It's any liquid used in a motor fuel other than fuels that are taxable under 4081. Those are taxable fuels. So if a fuel is taxable under 4081, it is not, by definition, an alternative fuel. And this has been within the code for almost 70 years. It's reflected in Treasury regulations. It's reflected in Treasury's notice providing interpretive guidance when the credit was first enacted in 2005. The notice provision 2006-92 repeats that. And then in the specific context of butane, Treasury again repeated it in Revenue Ruling 2018-2. Ms. Hagley, when you started your argument, you talked about LPG in the context of 6426D2. And your written answers argue that the context of that statute is alternative transportation fuel. And I wonder, does that argument rely exclusively on legislative history? Or are there other kind of interpretive anchors for that? It doesn't rely. We point out to the legislative history that Congress had the same understanding that whenever referred to the tax or the credit in LPG, it understood that it was protane. But that's also reflected in reports in the record that we cite. Congress provided reports that required from the Energy Department and from the Congressional Research Service and the EPA providing information about alternative fuels. And in those reports, which we cited in our response as well as in our brief, Congress was informed that automotive standards require LPG, the specific propane-based substance, and it must consist of at least 90 percent propane with no more than 5 percent propylene and other gases, including small amounts of butane. Congress understood, as does the Energy Department, and we've cited the glossary from the Energy Information Administration. That is just a common understanding of what LPG means in the alternative transportation fuels context. And I think it actually fits in nicely with our primary argument that because butane, as a free-standing fuel, is classified as a gasoline blendstock and therefore a taxable fuel, it doesn't qualify as an alternative fuel. Council, that brings me back to hexane and pentane, which are also listed as gasoline blendstocks in the Treasury regulation. And you've just explained to us, though, that you do consider those to be alternative fuels. If they're—depending if they're—when they're made biomass, when they're—so biomass-derived hexane and pentane are alternative fuels. They are not taxable fuels because to be a taxable fuel, you have to be—the substance has to be a petroleum product component. Those are both—that's the language of the statute. That's the language of 4083, limiting the scope of what a gasoline blendstock is, and that's also the language of the biomass credit, which is set out in Section 45, I think, K of the Code. So there is no—there is no crossover, and taxpayers provided no instance where a taxable fuel has been treated as an alternative fuel. No guidance— What about renewable diesel, which is— Renewable diesel— —as a taxable fuel and a credit-qualifying fuel under 6426C. Right. And renewable diesel illustrates that if Congress wanted butane to be treated as something other than a taxable fuel, it would have expressly provided that, because the biodiesel mixture credit requires both biodiesel and diesel. And for tax purposes, renewable diesel is considered diesel. But for the biodiesel mixture credit, Congress expressly provided that renewable diesel, which, again, is diesel for tax purposes, is treated as biodiesel for the credit purposes, thus expressly authorizing something that's normally treated as diesel to be treated as something other than diesel. And that specific authorization is set out in 6426C-5, as well as—which incorporates 48F. And I know that's a lot of prep references, but that explanation is set out in our brief on page 55 through 56. There is—in contrast, there is no express dual treatment for butane in 6426D and E. Congress had wanted to do that. It could have instead expressly incorporated the definition of taxable fuel in 4083, knowing that that included butane. Butane had been classified as gasoline long before the credit was enacted. It had been classified as gasoline since 1992. So, is it your position that just construing the statute in—the statutes in context that you win, and that we don't have to look at the regulations or the absurdity canon or the regulation—the revenue ruling? Do you believe you can win apart from any of those things? We do believe that we can win without looking at the revenue ruling or the absurdity principle. In fact, that's how the government briefed the case, and that's how the government won in the Venture decision. We do need to look at the regulatory definition of gasoline blend stock because that's what butane is specifically classified. But other than that, relying on— But the regulation can't conflict with the plain language of the statute. That will trump. So, that's a problem for you, isn't it? No, it's not, because the statute in 4083, Congress said gasoline blend stocks as listed by Treasury. So, specifically directed Treasury to identify what are the components, you know, the petroleum product components of gasoline, and butane is one of them. And when we're talking about butane in this case, we're not talking about the trace amounts of butane that's found in the gasoline leaves of refinery. Butane blending, you know, sometimes at the refinery, sometimes at the terminal, has been going on since the 60s. Butyl's own expert testified to that and provided that site. I believe it's pages 1160 to 1165 of the Record on Appeal. That is why it is listed as a component of gasoline and has been so listed since 1992. Over 85% of all butane consumed in the United States is used in gasoline production, is used in this type of butane blending. I have a kind of a roundabout question, so bear with me. Section 4041 expressly excludes from the definition of alternative fuel products that are taxable under 4081. But 6426d2 does not. And if we ruled for the government, would we necessarily be ignoring certain interpretive canons, canons of meaningful variation, the canon against surplusage or both? Are we to assume that Congress meant to impose the same definitional boundaries for alternative fuel in both 4041 and 6426, but it just forgot to include the 4081 boundary when it drafted 6426? Does all that make sense? It does make sense, and I don't think I'd frame it as Congress forgetting to include. Congress specifically designed the credit to work with the tax. I mean, in fact, all a credit is is a reduction of tax. And the credit set out in 6426d is designed to work with section 4041. Three things show that section 6426a2 specifically refers to section 4041 as its credit against that tax is being provided for alternative fuels. The statutory history of 4041 demonstrates that, you know, prior to 2005, the fuels listed in 4041a2 were referred to as special motor fuels. When Congress enacted the credits in 6426d and e in 2005, it renamed special motor fuels as alternative fuels to better align the two statutes because they are designed to operate together. 4041a2 sets out the broad category of all alternative fuels, and section 6426d2 sets out just a specific subset of fuels that otherwise, you know, to be an alternative fuel in the first instance, you cannot be a taxable fuel, but to be an alternative fuel that would actually qualify for the credit, you have to fall within one of the specific seven categories set out in d2. And the third thing I think that shows, you know, the fact that we are supposed to read these two statutes together and Congress designed them to work together is the amendments in 2015, where the how LPG was taxed and provided a credit for was changed to shift to an energy equivalent basis. There was a change in the 4041a2 statute that sets out the rate, and the 6426 statute had a corresponding change that incorporates by reference 4041a2. Can you go over again why natural gas derived butane would not be treated differently under your theory of the case? Because the phrase, the language in 4083 is petroleum products components of gasoline, and the term petroleum products is understood to mean both products from crude oil, sometimes referred to as petroleum, as well as products from natural gas. This is supported by the Energy Information Administration glossary that we submitted this week in our response. It's also reflected in the Treasury regulations, you know, at the end of the of the regulation defining gasoline blendstock, the regulation discusses certain gasoline blendstocks that are produced at national gas refineries. So, we are not asking for distinction between butane from natural gas and butane from crude oil. With regard to the argument that Butyl has raised in its response to the court this week about butane not being a taxable fuel until it becomes an actual component of a specific gallon of gasoline, there's nothing in section 4083 or the regs that require the gasoline blendstock to be a component of the particular batch of gasoline before becoming taxable. Gasoline blendstocks in and of themselves are defined to be gasoline, and if gasoline is listed in 4083, you know, entered into the United States, removed from a refinery, removed from a terminal, that gasoline blendstock, the tax is imposed. And as I mentioned before, almost all the butane in the United States is used to make gasoline, but for the small amount that's not, Congress provides a payment provision. This is under 6427H that if a taxpayer can demonstrate that butane is not being used for gasoline, it's entitled to a payment equal to the amount of tax that previously had been imposed on that butane. And if Butyl were correct that butane is not taxable under 4081 until it becomes an actual component of gasoline, there would be no need for that payment provision. And the regulation that it cites in its response, 48.4081-4A, is not to the contrary. It doesn't say that gasoline blendstocks are not taxable fuel. It just merely provides that it's an exemption from certain removals or entries and sales of gasoline blendstocks if certain prescribed conditions are met. If those conditions are not met, then as under the statute, the gasoline blendstock is taxed. And it must be remembered that the taxable fuel is a classification of a fuel. It's not a reference to whether the fuel is ultimately taxed. There's no dispute that all finished gasoline is a taxable fuel, even though some finished gasoline may ultimately be taxed, such as gasoline used on a farm. There's a repayment provision for that under 6020. The last thing I'd- Can you answer whether there are other cases that are addressed or grappled with 6426? Remind us. The only other case that's addressed the butane issue is Venture, which ruled for the government and it's on appeal in the Seventh Circuit. I know there have been cases under the old alcohol fuel mixture credit. I'm not aware, I'll pan, and then there are other pending cases. Valero's got a pending case in the district court. Vital's got a pending case in the district court. And there's a case- All here in the Fifth Circuit? All here in the Fifth Circuit. There's a case in the Court of Federal Claims, Philadelphia Energy.  But as far as prior cases interpreting 6426B, nothing is coming to mind. There is, I will point out, they cite no instance where a gasoline blend stock has qualified for the 6426B credit or has been taxed under 4041. And for the reasons we've explained, you know, blend stocks or taxable fuels and assets are not taxable under 4041 and not eligible for the credit. So in sum, we requested the court from the district court's order. Are there any further questions? The government rests on its free. Thank you. Thank you. Ms. Hall, you've saved time for rebuttal. Thank you, Your Honor. A few quick points in rebuttal. First of all, the U.S. has been arguing in this case that when Congress used the words LPG in Section 6426, it meant only propane. And it has hinged that argument on the idea that these credits were only meant to apply in the transportation industry. And counsel referenced the transportation industry again in her argument just now. But I think it's very important to note that the language of the statute is actually a lot broader than that. The mixture credit says the blend must be used as a fuel or sold for use as a fuel. But that use is not limited to a car and it's not limited to the transportation industry at all. The blend could be used in other things. For example, it could be used to power a generator to make electricity. So there's really nothing in the language of the statute or in this idea that it applies to the transportation industry only to support the government's argument. To respond to the government's argument on the taxable fuels point, that counsel just made an argument about ETBE. I think it's important to note that that exclusion that Ms. Hagley just pointed to, the exclusion in Section 6426B4A to alcohol produced from petroleum is actually inapplicable to ETBE because that exclusion is for alcohols and not for ethers. So that exclusion that she referenced doesn't apply. With respect to the biodiesel mixture credit and the guidance provided by the IRS on that credit, counsel for the government has pressed this argument that Congress somehow expressly authorized dual treatment of renewable diesel for purposes of the biodiesel mixture credit but didn't expressly authorize dual treatment of butane. That's simply not correct. Congress didn't provide any such express authorization with regard to renewable diesel. All Congress did was define renewable diesel by stating that renewable diesel shall be treated in the same manner as biodiesel. And that statement from Congress makes sense because renewable diesel is not in fact biodiesel and it wasn't previously defined as such. And so Congress had to provide that definition. But butane, by contrast, has long been understood to be an LPG by the scientific community and by the fuel industry. Congress didn't need to define butane as an LPG or state that butane should be treated in the same manner as an LPG because butane is an LPG. With respect to the definition of alternative fuel, counsel for the government repeatedly points to section 4041 for that definition. But again, that is the wrong definition for these purposes. That definition was created for excise tax purposes. It's section 6426D2 that provides the definition to look at here. And it did provide its own definition. It didn't cross reference to anything else. And that's the definition that has to be used here. And I think it bears noting that the definitions of alternative fuel in those two statutes are totally different from each other. Section 4041A2 defines an alternative fuel as any liquid used in a fuel in certain motor vehicles. And it contains that exclusion that the court was asking about for products taxable under section 4081. But section 6426D2, it doesn't require an alternative fuel to be a liquid. It doesn't require it to be used in a motor vehicle. And it does not contain that exclusion for products taxable under section 4081. And that's really important here. I want to just briefly touch on the government's argument regarding natural gas-derived butane, which we responded to in our supplement from earlier this week. But I think it is also worth noting that Congress has statutorily differentiated between fuels derived from petroleum and fuels derived from natural gas. If you look at section 6426B4A of the alcohol fuel mixture credit, Congress distinguishes between alcohol produced from petroleum and alcohol produced from natural gas. Congress made that same distinction back in 1986 when it enacted section 4083. It made that same differentiation in the old version of section 4081C3 between alcohol produced from petroleum and alcohol produced from natural gas. So there is a difference between butane derived from natural gas and butane derived from petroleum for purposes of whether it is a gasoline blendstock. And finally, let me close by saying that the government cannot win in this case without setting aside the plain language of the statute. You would have to set aside the plain language of section 6426 for the government to prevail in this case. And that is only done in very limited circumstances, circumstances of absurdity, which are simply not present here. I thank the court for its time. Thank you. We have your argument. We appreciate both counsel's very helpful arguments and briefs and supplemental briefs and all of that. The case is submitted. Thank you very much.